LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: (212) 465-1188
Fax: (212) 465-1181
*Attorneys for Plaintiffs, FLSA Collective*
*Plaintiffs and the Class*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

EDUARDO MUNGUIA
and JUAN ORTIZ,
*on behalf of themselves and*
*FLSA Collective Plaintiffs*,

       Plaintiffs,

       v.

WESTAUB II LLC
       d/b/a LE COQ RICO,
ANTOINE WESTERMANN
and FRANCIS STAUB,

       Defendants.

---

Case No.:

**CLASS AND COLLECTIVE**
**ACTION COMPLAINT**

**Jury Trial Demanded**

       Plaintiffs, EDUARDO MUNGUIA and JUAN ORTIZ ("Plaintiffs"), on behalf of themselves and others similarly situated, by and through his undersigned attorneys, hereby files this Class and Collective Action Complaint against Defendants, WESTAUB II LLC d/b/a LE COQ RICO (collectively, "Corporate Defendant"), ANTOINE WESTERMANN and FRANCIS STAUB (collectively, "Individual Defendants," and together with Corporate Defendants, "Defendants") and states as follows:

## INTRODUCTION

1.      Plaintiffs allege, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), that he is entitled to recover from Defendants: (1) unpaid minimum wage, (2) unlawfully retained tips, (3) liquidated damages and (4) attorneys' fees and costs.

2.      Plaintiffs further allege that, pursuant to the New York Labor Law ("NYLL"), he is entitled to recover from Defendants: (1) unpaid minimum wage, (2) unpaid spread of hours premium, (3) unlawfully retained tips, (4) statutory penalties, (5) liquidated damages and (6) attorneys' fees and costs.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over this controversy pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiffs state law claims pursuant to 28 U.S.C. § 1367.

4.      Venue is proper in the Southern District pursuant to 28 U.S.C. § 1391.

## PARTIES

5.      Plaintiff, EDUARDO MUNGUIA is a resident of Queens County, New York.

6.      Plaintiff, JUAN ORTIZ, is a resident of Bronx County, New York.

7.      Upon information and belief, Defendant, WESTAUB II LLC d/b/a LE COQ RICO, is a domestic business corporation organized under the laws of New York, with a principal place of business and an address for service of process located at 30 East 20th Street, NY 10003.

8.      Individual Defendants:

(a) Upon information and belief, Defendant, ANTOINE WESTERMANN, is a Chief Executive Officer of Defendant, WESTAUB II LLC d/b/a LE COQ RICO. ANTOINE WESTERMANN exercised control over the terms and conditions of Plaintiffs employment and those of FLSA Collective Plaintiffs. With respect to Plaintiffs and other

FLSA Collective Plaintiffs, he exercised his power to (i) fire and hire, (ii) determine rate and method of pay, (iii) set employee schedules, and (iv) otherwise affect the quality of employment.

(b) Upon information and belief, Defendant, FRANCIS STAUB, is a Chief Executive Officer of Defendant, WESTAUB II LLC d/b/a LE COQ RICO.  FRANCIS STAUB exercised control over the terms and conditions of Plaintiffs' employment and those of FLSA Collective Plaintiffs. With respect to Plaintiffs and other FLSA Collective Plaintiffs, he exercised his power to (i) fire and hire, (ii) determine rate and method of pay, (iii) set employee schedules, and (iv) otherwise affect the quality of employment.

9.      At all relevant times, each of the Corporate Defendant was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA and New York Labor Law and the Regulations thereunder.

10.     At all relevant times, the work performed by Plaintiffs, FLSA Collective Plaintiffs and Class members was directly essential to the business operated by Defendants.

## FLSA COLLECTIVE ACTION ALLEGATIONS

11.     Plaintiffs bring claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt employees, including cooks, dishwashers, hosts/hostesses, bartenders, barbacks, servers, runners, and bussers, employed by Defendants at the Le Coq Rico Restaurant on or after the date that is six years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

12.     At all relevant times, Plaintiffs and FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices,

procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them the proper minimum wage. With regard to Plaintiffs and a subgroup of FLSA Collective Plaintiffs who were tipped employees (i.e. bartenders, barbacks, servers, bussers and runners) ("Tipped FLSA Collective Plaintiffs"), Defendants were not entitled to take any tip credits because they failed to meet statutory requirements under the FLSA. In addition, Plaintiffs and Tipped FLSA Collective Plaintiffs suffered from Defendants' policy of unlawfully retaining tips that they earned. The claims of Plaintiffs stated herein are essentially the same as those of FLSA Collective Plaintiffs.

13.     The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. § 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## **RULE 23 CLASS ALLEGATIONS – NEW YORK**

14.     Plaintiffs bring claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt employees, including including cooks, dishwashers, hosts/hostesses, bartenders, barbacks, servers, runners, and bussers, employed by Defendants at Le Coq Rico on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

15.     All said persons, including Plaintiffs, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the position held, and rates of pay for each Class member are also determinable from Defendants' records. For

purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

16.     The proposed Class is so numerous that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, the facts on which the calculation of that number are presently within the sole control of Defendants, there is no doubt that there are more than forty (40) members of the Class. The Class further includes a subclass of tipped employees comprised of servers, bussers, runners, bartenders and barbacks ("Tipped Subclass") who also number more than forty (40). Plaintiffs are members of both the Class and the Tipped Subclass.

17.     Plaintiffs claims are typical of those claims, which could be alleged by any member of the Class, and the relief sought is typical of the relief, which would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of (i) failing to pay the prevailing minimum wage, (ii) failing to pay spread of hours premium, (iii) failing to provide proper wage statements per requirements of the New York Labor Law, and (iv) failing to provide proper wage and hour notices per requirements of the New York Labor Law. With regard to Plaintiffs and the Tipped Subclass, Defendants were not entitled to take any tip credits because they failed to meet statutory requirements under the New York Labor Law. In addition, the Tipped Subclass suffered from Defendants' policy of unlawfully retaining tips that they earned. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiffs and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

18.    Plaintiffs are able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiffs are represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented Plaintiffs in wage and hour cases.

19.    A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against a corporate defendant. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendant and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

20.     Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

21.     There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

(a)     Whether Defendants employed Plaintiffs and Class members within the meaning of the New York law;

(b)     What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not pay the Class members properly;

(c)     At what common rate, or rates subject to common methods of calculation, was and are Defendants required to pay Plaintiffs and Class members for their work;

(d)     Whether Defendants properly notified Plaintiffs and Class members of their regular hourly rate and overtime rate;

(e)     Whether Defendants improperly paid Plaintiffs and Class members on a fixed salary basis, when New York Labor Law requires that all non-exempt employees be paid on an hourly basis;

(f)     Whether Defendants paid Plaintiffs and Class members the proper minimum wage under the New York Labor Law;

(g)     Whether Defendants provided proper notice to Plaintiffs and Tipped Subclass members that Defendants were taking a tip credit;

(h)      Whether Defendants provided proper wage statements informing Plaintiffs and Tipped Subclass members of the amount of tip credit taken for each payment period and other information required to be provided on wage statements;

(i)      Whether Defendants took the proper amount of tip credit allowance from Plaintiffs and Tipped Subclass members under the New York Labor Law;

(j)      Whether Defendants required Plaintiffs and Tipped Subclass members to perform non-tipped work for more than 20 percent of their workday;

(k)      Whether Defendants kept daily records of tips earned by Plaintiffs and the Tipped Subclass members;

(l)      Whether Defendants paid Plaintiffs and Class members the proper overtime compensation under the New York Labor Law;

(m)      Whether Defendants paid Plaintiffs and Class members wages for all hours worked;

(n)      Whether Defendants paid Plaintiffs and Class members the spread of hours premium as required by the New York Labor Law;

(o)      Whether Defendants unlawfully retained tips earned by Plaintiffs and the Tipped Subclass from customers;

(p)      Whether Defendants provided proper wage statements to Plaintiffs and Class members per requirements of the New York Labor Law; and

(q)      Whether Defendants provided proper wage and hour notices to Plaintiffs and Class members per requirements of the New York Labor Law.

## STATEMENT OF FACTS

*Plaintiff, EDUARDO MUNGUIA:*

22.    In or about February 2016 Plaintiff, EDUARDO MUNGUIA, was hired by Defendants and/or their predecessors, as applicable, to work as a food runner for Defendants' Restaurant located at 30 East 20th Street, New York, NY 10003. Plaintiff, EDUARDO MUNGUIA stopped working for Defendants May 2017.

23.    From February 2016 until January 2017 Plaintiff, EDUARDO MUNGUIA worked (3) three days a week, from 4:00 pm to 11:00 pm, for (7) seven hours per day. From February 2017 until May 2017 EDUARDO MUNGUIA worked (2) two days a week, from 4:00 pm to 11:00 pm for (7) seven hours per day. Plaintiff, EDUARDO MUNGUIA received an hourly rate of $7.50.

*Plaintiff, JUAN ORTIZ:*

24.    In or about February 2016 Plaintiff, JUAN ORTIZ, was hired by Defendants and/or their predecessors, as applicable, to work as a food runner for Defendants' Restaurant located at 30 East 20th Street, New York, NY 10003.

25.    Plaintiff, JUAN ORTIZ is currently employed by Defendants.

26.    During the employment of Plaintiff, JUAN ORTIZ, by Defendants, he worked over forty (40) hours per week. During JUAN ORTIZ's employment by Defendants, he worked over ten (10) hours per day.

27.    Specifically, Plaintiff, JUAN ORTIZ worked the following schedule:

(a) From February 2016 until January 2017 Plaintiff, JUAN ORTIZ worked a total of (6) six days per week. Plaintiff, JUAN ORTIZ worked (3) three days from 4:00 pm to 11:00 pm. He worked the remaining (3) three days from 10:00 am to 11:30 pm. He worked a total of 63 hours per week.  Plaintiff, JUAN ORTIZ received an hourly rate

of $7.50.

(b) From February 2017 until the present Plaintiff, JUAN ORTIZ works (4) days in total. Plaintiff, JUAN ORTIZ works (3) three days from 4:00 pm until 11:30 pm. The remaining (1) one day he works from 11:00 am to 11:00 pm.  He works a total of 34.5 hours a week. Plaintiff, JUAN ORTIZ receievs an hourly rate of $7.50.

28.     At all relevant times, Defendants paid Plaintiffs, FLSA Collective Plaintiffs and Class members at hourly rates below the prevailing minimum wage in violation of the FLSA and NYLL.

29.     Plaintiffs, FLSA Collective Plaintiffs and Tipped Subclass members did not receive proper notice that Defendants were claiming a tip credit. In addition, Plaintiffs, Tipped FLSA Collective Plaintiffs and Tipped Subclass members did not receive notice informing them that the tips they received must be retained by them except for a valid tip pooling arrangement, or that the tip credit taken by Defendants may not exceed the value of tips that they actually received. Further, Defendants failed to provide proper wage statements informing Plaintiffs, Tipped FLSA Collective Plaintiffs and Tipped Subclass members of the amount of tip credit taken for each payment period.

30.     Throughout their employment with Defendants, Plaintiffs suffered from Defendants' invalid tip pooling arrangement, under which Defendants unlawfully retained all cash tips that he earned from customers. Similarly, Tipped FLSA Collective Plaintiffs and Tipped Subclass members suffered from Defendants' policy to keep forty percent all cash tips that the employees earned from customers.

31.     At all times relevant, the workdays of Plaintiffs and Class members regularly exceeded ten (10) hours per day. However, Defendants failed to pay Plaintiff and Class members the spread of hours premium as required by NYLL.

32.    At no time during the relevant time periods did Defendants provide Plaintiffs or Class members with proper wage and hour notices or wage statements as required by NYLL.

33.    Defendants knowingly and willfully operated their business with a policy of not paying Plaintiffs, FLSA Collective Plaintiffs and Class members either the FLSA minimum wage or the New York State minimum wage. With regard to Tipped FLSA Collective Plaintiffs and Tipped Subclass members, Defendants were not entitled to take any tip credits because they failed to meet statutory requirements under the FLSA and NYLL.

34.    Defendants knowingly and willfully operated their business with a policy of not paying the spread of hour premium to Plaintiffs and Class members, in violation of the NYLL.

35.    Defendants knowingly and willfully engaged in a policy and practice of illegally retaining tips earned by Plaintiffs, Tipped FLSA Collective Plaintiffs and Tipped Subclass Members, in violation of the FLSA and NYLL.

36.    Defendants knowingly and willfully operated their business with a policy of not providing proper wage statements to Plaintiffs and Class members, in violation of the NYLL.

37.    Defendants knowingly and willfully operated their business with a policy of not providing proper wage and hour notices to Plaintiffs and Class members, in violation of the NYLL.

38.    Plaintiffs retained Lee Litigation Group, PLLC to represent Plaintiff, FLSA Collective Plaintiffs and Class members in this litigation and has agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

### COUNT I

### VIOLATION OF THE FAIR LABOR STANDARDS ACT

39.    Plaintiffs reallege and reavers Paragraphs 1 through 38 of this class and collective action Complaint as if fully set forth herein.

40.    At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiffs and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

41.    At all relevant times, Defendants employed Plaintiffs and FLSA Collective Plaintiffs within the meaning of the FLSA.

42.    At all relevant times, Corporate Defendants had gross annual revenues in excess of $500,000.

43.    At all relevent times, Defendants had a policy and practice of failing to pay the statutory minimum wage to Plaintiffs and FLSA Collective Plaintiffs for their hours worked.

44.    At all relevant times, Defendants had a unlawful policy and practice of retaining tips earned by Plaintiffs and FLSA Collective Plaintiffs.

45.    Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiffs and FLSA Collective Plaintiffs at the the statutory minimum wage and failure to allow Plaintiffs and Tipped FLSA Collective Plaintiffs to retain all tips earned without deduction or retention, when Defendants knew or should have known such was due.

46.    Defendants failed to properly disclose or apprise Plaintiffs and FLSA Collective Plaintiffs of their rights under the FLSA.

47.    As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiffs and FLSA Collective Plaintiffs are entitled to liquidated (i.e. double) damages pursuant to the FLSA.

48.    Due to the intentional, willful and unlawful acts of Defendants, Plaintiffs and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid minimum wage and compensation for unlawfully retained gratuities, plus an equal amount as liquidated damages.

49.    Records, if any, concerning the number of hours worked by Plaintiffs and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiffs and FLSA Collective Plaintiffs are in the possession and custody of Defendants. Plaintiffs intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

50.    Plaintiffs and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

## COUNT II

## <u>VIOLATION OF THE NEW YORK LABOR LAW</u>

51.    Plaintiffs reallege and reaver Paragraphs 1 through 50 of this class and collective action Complaint as if fully set forth herein.

52.    At all relevant times, Plaintiffs and Class members were employed by Defendants within the meaning of the New York Labor Law §§ 2 and 651.

53.    Defendants knowingly and willfully violated Plaintiffs and Class members' rights by failing to pay them the minimum wage required by the New York Labor Law.

54.     Defendants willfully violated Plaintiffs and Class members' rights by failing to pay the spread of hours premium for each workday that exceeded ten (10) hours.

55.     Defendants willfully violated Plaintiffs and Class members' rights by retaining tips earned from customers.

56.     Defendants knowingly and willfully failed to provide proper wage and hour notices to Plaintiffs and Class members, as required by New York Labor Law § 195(1).

57.     Defendants knowingly and willfully failed to provide proper wage statements to Plaintiffs and Class members with every wage payment, as required by New York Labor Law § 195(3).

58.     Due to Defendants' New York Labor Law violations, Plaintiffs and Class members are entitled to recover from Defendants their unpaid minimum wage, unpaid spread of hours premium, compensation for unlawfully retained gratuities, statutory penalties, liquidated damages, reasonable attorneys' fees and costs and disbursements of the action, pursuant to New York Labor Law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs on behalf of themselves, FLSA Collective Plaintiffs and Class members, respectfully request that this Court grant the following relief:

a.     A declaratory judgment that the practices complained of herein are unlawful under the FLSA and NYLL;

b.     An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c.     An award of unpaid minimum wage due under the FLSA and NYLL;

14

d.    An award of unpaid compensation due to unlawful retention of tips, due under the FLSA and NYLL;

e.    An award of unpaid spread of hours due under the NYLL;

f.    An award of statutory penalties as a result of Defendants' failure to comply with the NYLL wage notice and wage statement requirements;

g.    An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay minimum wage, and Defendants' willful retention of tips, pursuant to the FLSA;

h.    An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay minimum wage and spread of hours premium, and Defendants' willful retention of tips, pursuant to the NYLL;

i.    An award of prejudgment and postjudgment interest, costs and expenses of this action together with reasonable attorneys' and expert fees and statutory penalties;

j.    Designation of Plaintiffs as Representatives of the FLSA Collective Plaintiffs;

k.    Designation of this action as a class action pursuant to F.R.C.P. 23;

l.    Designation of Plaintiffs as Representatives of the Class; and

m.    Such other and further relief as this Court deems just and proper.


## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand trial by jury on all issues so triable as of right by jury.

Dated:    June 5, 2017                    Respectfully submitted,

                                  By:    _____ */s/ C.K. Lee* _____
                                         C.K. Lee, Esq. (CL 4086)

                                         LEE LITIGATION GROUP, PLLC
                                         C.K. Lee (CL 4086)
                                         Anne Seelig (AS 3976)
                                         30 East 39th Street, Second Floor
                                         New York, NY 10016
                                         Tel.: (212) 465-1188
                                         Fax: (212) 465-1181

                                         *Attorneys for Plaintiffs, FLSA Collective Plaintiffs
                                         and the Class*